*MARTIAL* vs. *COTTEREL.*

APPEAL from the court of probates of the city and parish of New Orleans.

An agent is a competent witness, in all matters connected with his agency, without a release.

PORTER, J. delivered the opinion of the court. The petitioner states that he was in habits of great intimacy with the deceased, and that knowing his pecuniary wants, he frequently lent him money. That, in the year 1824, the plaintiff being about to leave

this state, and having a certain sum of money in the hands of L. & M. Commagere, of the city of New Orleans, gave authority to the deceased to draw on them for the sum of $3,000.

That, with the same view, the petitioner authorised him to receive from others of his debtors, the sum of $959 87; that he did in his lifetime receive that sum, together with the $3,000, due by L. & M. Commagere; and that the sum of $40, was paid by the petititioner for medical attendance on the deceased.

That the money due by Commagere, was left in their hands by Fontenay, who took their note for the same, and that this note exists in kind.

That the defendant, representative of the estate, refuses to acknowledge the justice of these claims, or to give up the note.

Judgment is prayed for the money received, and for the note, or the amount thereof.

The answer consists of the general issue, and an averment that the note belonged to the estate of Fontenay; and that suit had already been commenced against the makers in the district court.

Eastern Dis'ct
Nov ber, 1826

MARTIAL
vs.
COTTEREL.

A witness whose interest is equal, is competent. And his being liable for costs, will not render him incompetent, if he is at the same time agent.

If A lends B money, by giving an order on C, and it is accepted, but the money not paid, the funds become the property of B, and in case of his death and insolvency, they cannot be claimed as the specific property of A

MARTIAL
*vs*
COTTEREL.

On this issue the parties went to trial in the inferior court, and the judge below decided that the plaintiff should recover the money claimed in the petition, except that alleged to have been lent through the hands of Commagere.

The petitioner appealed.

Before the merits can be gone into, there are two bills of exceptions to be disposed of.

The first is to an opinion of the judge permitting the agent of the plaintiff, who had received a note for collection, and had collected it, to testify that he had paid the amount over to the defendant.

The court below did not err. An agent is a competent witness in relation to all matters done in the usual course of business, without a release. There is no rule of evidence better established, and it has been more than once recognised and acted on by this court. 2 *Starkie*, 764, 768. *Vol.* 1, *N. S.* 184 *vol.* 4. *ibid.* 335.

The second was to the admission of Commagere, the maker of the note. The general rule on this subject, is that when the witness is equally responsible to either of the parties, he is competent to testify between them;

but that where the opposite interests are unequal, the witness has an interest on one side, measured by the excess of the one over the other. The defendant insists the witness admitted here fell within the principle last stated, because though equally liable to either plaintiff or defendant for the amount of the note ; yet, as he had been already sued by the latter, he was interested to defeat that action, in order to avoid the costs. 2 *Stark.* 752.

There is an exception to the rule just stated, where the witness who is responsible for the costs, is at the same time agent of the party calling him. Commagere stood in that relation to the plaintiff, and was correctly permitted to testify. There is one other ground on which he was properly received. This action is not for the note alone, but *for the note*, or *its amount.* Now for the *latter* purpose he was competent; because if his testimony enabled the plaintiff to recover the amount of the note from the defendant, of course the defendant would have a right to recover it from the witness. In point of fact, therefore, the witness was not interested in the costs, as, whether the plaintiff or defendant

succeeded, judgment must be given against him in the suit commenced by the latter. 7 *T. Rep.* 480. 2 *East.* 458.

On the merits, we are of opinion, the judge *a quo* erred. We have considerable reluctance to put our opinion in opposition to that of the court of the first instance, in matters of fact; but in this case, the weight of evidence appears to us conclusively with the plaintiff. Two witnesses swear positively, that the money was given as a loan. It is admitted on the record, that another who was absent from indisposition, would prove the same fact. Nothing in the evidence goes to contradict their proof; on the contrary, the situation of the deceased, and the relation in which he stood to the plaintiff, rep. l the idea that the plaintiff was indebted to the defendant in so large a sum. We see no middle course between giving judgment for the plaintiff, or declaring the witnesses perjured; for they explicitly state the money was *lent.*

But we do not think the plaintiff has established any specific right to the note. From the time the mandate of the plaintiff was accepted, and an agreement made

to leave the money in the hands of the maker of the note, or a promise to pay interest, the money ceased to belong to the plaintiff, and became that of the deceased —the debt was due to him, and from him to the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the probate court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed that the plaintiff do recover of the estate of Th o-dore Fontenay, deceased, $3,999 87, to be paid by the defendant, curator thereof, in concurrence with the other creditors of said estate, and according to its rank and privilege, with costs in both courts.

*Deny* for the plaintiffs, *De Armas* & *Trabuc* for the defendants.